

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. T. Gilbert Adams
County Attorney
Jasper County
Jasper, Texas

Dear Sir:

Opinion No. O-7443

Re: Whether the Commissioners'
Court has the authority to
give supplemental payment to
school bus drivers from a
county fund, for additional
mileage required by reason
of bridge over his regular
route being temporarily out.

Your request for our opinion on the hereinabove
captioned matter has been received by this department. We quote
from your letter as follows:

"Does the County Commissioners' Court have the
authority to order supplemental payment to an Inde-
pendent School District School Bus Driver, from any
County Fund, for additional mileage that he is re-
quired to drive by reason of a bridge over his regular
route being temporarily out while such road is under
construction?

"The facts, as I understand them, are as follows:
A County road in Jasper County, was designated as a
State Approved Farm to Market Road and jurisdiction
of the road and its maintenance was transferred by the
Commissioners' Court of Jasper County to the State High-
way Department. The Highway Department has let a con-
tract for hard surfacing this road to a private con-
tractor. The Contractor has begun the work and has
taken out a bridge on the road for the purpose of con-
structing a new one, and in doing so, did not build a
detour bridge for the traffic, and especially the School
Bus of the Jasper Independent School District. There is
a road on the other side of the bridge that leads into a

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

State Highway and it is necessary that the School
Bus get part of its children by driving out the State
Highway and crossing over to the County Farm to Market
Road, beyond the bridge and then return the same way
and then drive out the farm to market road and back,
picking up the children on this side of the bridge
that is out. The officials of the School District
seem to be of the opinion that it is the duty of the
County to supplement the School Bus Driver's salary
sufficient to justify this additional driving, while
this bridge is out. I am unable to find any law where-
by such expenditure can be made and have concluded that
such expenditure would be illegal."

The Courts of Texas have repeatedly held that county
Commissioners' Courts may exercise only such authority as is
conferred upon them by the Constitution and Statutes of this
State, either by express terms or by implication. There are
many authorities to this effect, and we cite the following:

Article 5, Section 18, Texas Constitution;
Article 2351, Revised Civil Statutes of Texas;
Texas Jurisprudence, Vol. 11, pages 563-566;
Bland vs. Orr, 39 S. W. 558;
Mann-Warren Publishing Company vs. Hutchison
County, 45 S. W. (2d) 651;
Hogg v. Campbell, 48 S. W. (2d) 515;
Landman v. State, 97 S. W. (2d) 264;
El Paso County v. Elam, 106 S. W. (2d)
2791;
Dobson v. Marshall, 118 S. W. (2d) 621;
Mills County v. Lampasas County, 40 S. W.
404.

After a careful study of the Constitution and statutes
of this State, we can find no provision authorizing the Commission-
ers' Court to pay from any county fund to an Independent School
District bus driver for additional mileage that he is required to
drive by reason of a detour, so your question is answered in the
negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
Jno. C. Knopp
Assistant

OCT 1946

JCK:dja

Enclosure

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN